## Link *v.* McKee. Hays's Appeal.

*Mortgage—Affidavit of defense—Sufficiency—Equities.*

An affidavit of defense filed by a terre-tenant in an action on a scire facias sur mortgage is insufficient where it is not alleged that the balance due on the mortgage had been paid, the only averment of payment being that the affiant and another paid "a considerable portion" of advanced purchase money, and the matter set out by way of defense relates to equities alleged to exist among the defendants, without making clear the basis upon which they rest.

Argued Oct. 11, 1911. Appeal, No. 71, Oct. T., 1911, by H. Jacob Hays, from judgment of C. P. Butler Co., Sept. T., 1910, No. 57, in case of W. J. Link, now for use of The Mars National Bank, a Corporation, v. Joseph P. McKee, Mortgagor, John C. Dight and H. Jacob Hays, Terré-tenants. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Scire facias sur mortgage proceedings.

The opinion of GALBREATH, P. J., states the case as follows:

By agreement bearing date October 31, 1906, and recorded in the office of the recorder of deeds on November 2, 1906, William J. Link and wife agreed in writing to sell and convey to Joseph P. McKee, attorney in fact, a certain tract of land situate in Adams township, Butler county, containing about twenty-nine and one-fourth acres, for the price of $4,000. This agreement in substantially the same form and on the same conditions and between the same parties was repeated in a second contract in writing, bearing date of November 1, 1906, which was in like manner recorded on November 2, 1906. Joseph P. McKee, attorney in fact, was the second party to both these agreements, but it nowhere appears in either of said agreements for whom he was attorney in fact. Under the terms of these agreements the purchase money was to be paid and secured as follows: $500, on execution of the agreement, $500, on February 15, 1907, and a like amount on June 15, 1907, at which time a deed was to be delivered and a bond and mortgage on the premises to be given to secure the payment of the balance of the purchase money, to wit, $2,500, with interest, payable in two years thereafter.

By written contract, bearing date December 4, 1906, Joseph P. McKee, aforesaid, together with John C. Dight and Harry J. Hays, the terre-tenants herein, entered into an agreement by which each was to have an interest in said contract of purchase and in said land, on the conditions therein set forth. The contract sets forth that they are "three parties interested in the agreement of even date herewith between William J. Link and Mary E. Link, his wife, and Joseph P. McKee, attorney-in-fact." In the affidavit of defense filed in this case it is assumed that this has relations to the agreements of October 31, and November 1, and was intended to set forth the interest of the parties respectively in said former agreements. It is provided that each of the parties will be entitled on ful-

fillment of this agreement to the undivided one-third interest in the property on condition that each shall contribute a one-third part of said payments as they fall due and one-third of the interest and expenses, the other two to make their payments to McKee, who in turn agrees to make payment to Link. It is further agreed that a failure of any one of the three to pay his stipulated amount or any part thereof shall forfeit his interest in the property, which shall vest absolutely in the remaining parties as the case might be. Neither William J. Link nor his wife is a party to this agreement.

The deed provided for in the former agreements was made on June 15, 1907, which was the time agreed upon, at which time also a bond and mortgage were given to William J. Link for the balance of the purchase money, $2,500, payable with interest in two years thereafter. The deed was taken in the individual name of Joseph P. McKee and the mortgage was executed by him in the same way. The mortgage was assigned by W. J. Link to the Mars National Bank on March 12, 1908. On August 2, 1910, proceedings on scire facias for the collection of said debt and interest due thereon were begun by said bank against Joseph P. McKee, mortgagor, and John C. Dight and H. Jacob Hays, terre-tenants. No defense is made by McKee or Dight. The affidavit of defense which it is now contended is insufficient to prevent judgment was filed by Hays.

It is nowhere alleged in the affidavit of defense on file that the balance due on said mortgage has been paid. The matters set out by way of defense relate to equities alleged to exist among the defendants, and especially it is claimed that the deed was taken and the mortgage given by McKee in his individual capacity and not as attorney in fact. Why this was done we do not know. It may be observed, however, that in the agreement of December 4, 1906, it is provided that any one of the three parties thereto who should fail to contribute his one-third portion or any part thereof to the joint enterprise should forfeit

all his interest in the property, which should thereupon vest in the other party or parties "without any recourse at law."

The affiant nowhere avers in his affidavit of defense that he has made such payment. The only averment of payment by him is that he and the said John C. Dight "paid a considerable portion of the fifteen hundred dollars due and payable for and on account of the said purchase money before the execution and delivery of the deed," but he does not state how much this "considerable portion" was and how much of it was paid by himself. If the affiant has equities which have not been recognized, the clear basis on which they rest is not made apparent in his defense. Having been named as a terre-tenant in the pending scire facias the way is opened up to him to pay the admittedly unpaid debt and by so doing save the property in which he claims an interest and place himself in position to work out any equities he may have in a proper proceeding between himself and the other defendants. As the matter now stands we think the defense set up cannot be urged against the use plaintiff and that it is insufficient to prevent judgment. The rule for judgment is therefore made absolute and judgment is directed to be entered in favor of the use plaintiff in an amount to be liquidated by the prothonotary.

*Error assigned* was in entering judgment for want of a sufficient affidavit of defense.

*Edward F. Hays,* with him *R. H. Jackson,* for appellant.

*B. R. Williams,* for appellee.

Per Curiam, January 2, 1912:

The judgment is affirmed on the opinion of the learned judge of the common pleas.